# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:18–mj–00608–BK</u>–1

Case title: USA v. Alger                                     Date Filed: 09/06/2018
Other court case number:  EP18–M–06569–LS USA vs. James
                          Alger

Assigned to: Magistrate Judge
Renee Harris Toliver

**<u>Defendant (1)</u>**

**James Alger**                   represented by **Federal Public Defender**
                                                Federal Public Defender – Dallas
                                                525 Griffin St
                                                Suite 629
                                                Dallas, TX 75202
                                                214–767–2746
                                                Fax: 214–767–2886
                                                Email: jason_hawkins@fd.org
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*
                                                *Designation: Federal Public Defender Appointment*
                                                *Bar Status: Admitted/In Good Standing*

**<u>Pending Counts</u>**                          **<u>Disposition</u>**

Extortion
(1)

**<u>Highest Offense Level</u>**
**<u>(Opening)</u>**

Felony

**<u>Terminated Counts</u>**                        **<u>Disposition</u>**

None

**<u>Highest Offense Level</u>**
**<u>(Terminated)</u>**

None

**<u>Complaints</u>**                               **<u>Disposition</u>**

None

**Plaintiff**

**USA**                                     represented by   **Beverly Kristyne Chapman–DOJ**
                                                             US Attorney
                                                             1100 Commerce Street
                                                             3rd Floor
                                                             Dallas, TX 75242
                                                             214–659–8747
                                                             Fax: 214–659–8803
                                                             Email: beverly.chapman@usdoj.gov
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*
                                                             *Designation: Assistant US Attorney*
                                                             *Bar Status: Not Admitted*

| Date Filed | # | Page | Docket Text |
|------------|---|------|-------------|
| 09/06/2018 |   |   | Arrest of James Alger in Western District of Texas, El Paso. (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 | 1 | 4 | MOTION for Pretrial Detention filed by USA as to James Alger. (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 |   |   | Original Counts Added: James Alger (1) count(s) 1 (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 | 2 | 6 | Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to James Alger held on 9/6/2018. Defendant requested appointed counsel and the FPD was appointed. Government moved for a continuance of the Rule 5 hearings and court granted. Identity, Detention and Preliminary hearings set for 9/11/2018 before Judge Toliver. Defendant remanded to custody. Date of Arrest: 9/6/2018 Location interval set to: LC. Attorney Appearances: AUSA – Beverly Chapman; Defense – Courtney Stamper. (Court Reporter: Digital File) (No exhibits) Time in Court – :05. (Interpreter N/A.) (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 | 3 |   | (Document Restricted) CJA 23 Financial Affidavit by James Alger. (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 | 4 | 11 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to James Alger. Federal Public Defender for James Alger appointed. (Ordered by Magistrate Judge Renee Harris Toliver on 9/6/2018) (mcrd) (Entered: 09/06/2018) |
| 09/06/2018 | 5 | 12 | ORDER OF TEMPORARY DETENTION as to James Alger. Detention, Preliminary and Identity Hearing set for 9/11/2018 02:00 PM in US Courthouse, Courtroom 1620, 1100 Commerce St., Dallas, TX 75242–1310 before Magistrate Judge Renee Harris Toliver. (Ordered by Magistrate Judge Renee Harris Toliver on 9/6/2018) (mcrd) (Entered: 09/06/2018) |
| 09/11/2018 | 7 | 15 | WAIVER of Rule 5 and 5.1 Hearings by James Alger. Defendant waived Identity and Preliminary hearings. (mcrd) (Entered: 09/12/2018) |
| 09/11/2018 | 8 | 16 | ORDER Setting Conditions of Release as to James Alger (1) PR. (Ordered by Magistrate Judge Renee Harris Toliver on 9/11/2018) (mcrd) (Entered: 09/12/2018) |

| 09/11/2018 | 9 | 21 | Report of Proceedings under Rule 5(c)(3) and 5.1 as to James Alger. Defendant is released from custody on bond pending further proceedings. Paperwork sent to Western District of Texas, El Paso. (Ordered by Magistrate Judge Renee Harris Toliver on 9/11/2018) (mcrd) (Entered: 09/12/2018) |
| 09/12/2018 | 6 | 13 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Detention Hearing as to James Alger held on 9/11/2018. Defendant waived identity and preliminary hearings. Court found probable cause. Court denied Government Motion to Detain and defendant advised of conditions of release. Location interval set to: LR. Attorney Appearances: AUSA – Danielle Jones; Defense – Courtney Stamper. (Court Reporter: Digital File) (No exhibits) Time in Court – 1:25. (Interpreter N/A.) (mcrd) (Entered: 09/12/2018) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. EP-18-_____ |
| **JAMES ALGER,** | § | 3:18-MJ-608 BK |
| | § | |
| Defendant. | § | |

## GOVERNMENT'S MOTION TO DETAIN DEFENDANT WITHOUT BOND AND MOTION FOR CONTINUANCE

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and pursuant to 18 U.S.C. § 3142(e) and (f), files this, its Motion to Detain Defendant Without Bond and Motion for Continuance, and for cause, would respectfully show unto the Court the following:

1. The Defendant was arrested for a violation of Title 18, United States Code, Section 875, *Threatening Communications*. The offense is a crime of violence.

2. There are no conditions or combination of conditions which will reasonably assure the safety of the community should Defendant be released on bond.

3. There are no conditions or combination of conditions which will reasonably assure the appearance of Defendant at future court settings.

The Government would further move the Court for a three-day continuance of the detention hearing from the date of the initial appearance.

4

WHEREFORE, premises considered, the Government respectfully prays the Court to hold

the above-named Defendant without bail pending the final outcome of this case.


Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY

By:

IAN HANNA
Assistant U.S. Attorney
Texas Bar #24057885
700 E. San Antonio, Suite 200
El Paso, Texas  79901
(915) 534-6884

2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JUDGE:   RENEE HARRIS TOLIVER | | |
| DEPUTY CLERK:   J. Amerson | | COURT REPORTER/TAPE NO: FTR |
| LAW CLERK: | | USPO/PTSO: |
| INTERPRETER: | | COURT TIME: |
| A.M.  11:00 | P.M. | DATE:  September 06, 2018 |

☐MAG. NO.          ☐DIST. CR. NO.  3:18-mj-00608-BK          USDJ Magistrate Judge Renee Harris Toliver

UNITED STATES OF AMERICA                  §        _Beverly Chapman_____, AUSA
                                          §
v.                                        §        _____ ☐
                                          §
                                          §        _Courtney Stamper_____ ☐
JAMES  ALGER (1)                          §        COUNSEL FOR DEFENDANTS APPT – (A), Retd – (R), FPD – (F)

☒INITIAL APPEARANCE ☐IDENTITY ☐BOND HEARING ☐PRELIMINARY HEARING
☐ DETENTION HEARING ☐COUNSEL DETERMINATION HEARING ☐REMOVAL HEARING ☐EXTRADITION HEARING
☐ HEARING CONTINUED ON _____ CASE NO. _____ ☐OTHER DISTRICT ☐DIVISION
☒ DATE OF FEDERAL ARREST/CUSTODY: 09/06/2018 ☐SURRENDER_____
☐ RULE 5/32 ☐APPEARED ON WRIT
☒ DEFT FIRST APPEARANCE. DEFT ADVISED OF RIGHTS/CHARGES ☐PROBATION/SUPERVISED RELEASE VIOLATOR
☐ DEFT FIRST APPEARANCE WITH COUNSEL.
☐ DEFT ☐MW (MATERIAL WITNESS) _____ APPEARED ☐WITH ☐WITHOUT COUNSEL
☒REQUESTS APPOINTED COUNSEL.
☒FINANCIAL AFFIDAVIT EXECUTED.
☒ORDER APPOINTING FEDERAL PUBLIC DEFENDER.
☐ PRIVATE COUNSEL APPOINTED _____
☐ DEFT HAS RETAINED COUNSEL _____
☐ ARRAIGNMENT SET ☒DETENTION HEARING SET  _Tuesday 9/11/2018 @ 2pm bfr. Judg Toliver_

☒ PRELIMINARY HEARING SET _9/11 2018 @ 2pm_ ☐BOND HEARING SET _____
☐ COUNSEL DETERMINATION HEARING SET _____
☐ IDENTITY/REMOVAL HEARING SET _____
☐ BOND ☐SET ☐REDUCED TO $ _____ ☐CASH ☐SURETY ☐10% ☐PR ☐UNS ☐3RD PTY ☐MW
☐ NO BOND SET AT THIS TIME, ____ DAY DETENTION ORDER TO BE ENTERED.
☒ORDER OF TEMPORARY DETENTION/COMMITMENT PENDING HEARING ENTERED.
☐ ORDER OF DETENTION PENDING TRIAL ENTERED.
☐ DEFT ADVISED OF CONDITIONS OF RELEASE.
☐ BOND EXECUTED ☐DEFT ☐MW RELEASED ☐STATE AUTHORITIES ☐INS
☒ DEFT ☐MW  REMANDED TO CUSTODY.
☐ DEFT ORDERED REMOVED TO ORIGINATING DISTRICT.
☐ WAIVER OF ☐PRELIMINARY HEARING ☐RULE 5/32 HEARING ☐DETENTION HEARING
☐ COURT FINDS PROBABLE CAUSE ☐ID ☐PC.
☐ DEFT FAILED TO APPEAR. ORAL ORDER FOR ISSUANCE OF BENCH WARRANT.
☐ GOVERNMENT TO NOTIFY FOREIGN CONSULAR.
☐ REMARKS:_____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP -6 2018

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

6

AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**

# COPY UNITED STATES DISTRICT COURT

for the

Western District of Texas

SEP 05 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

| United States of America | ) |
| v. | ) |
| James Alger | ) |
| | ) |
| | ) |
| | ) |
| _____ *Defendant(s)* | ) |

Case No.

EP:18-M-06509-LS

3:18-MJ-608 BK

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   May 1, 2018- September 5, 2018   in the county of   El Paso, Texas   in the

___Western___ District of ___Texas___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 875(d) | That James Alger, with intent to extort from any person, any thing of value, transmitted in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee. |

This criminal complaint is based on these facts:

See attached Probable Cause Statement.

☑ Continued on the attached sheet.

*Lynne M Mundy*
*Complainant's signature*

LYNNE MUNDY, SPECIAL AGENT
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   9/5/18

*Judge's signature*

City and state:   El Paso, Texas   LEON SCHYDLOWER, U.S. MAGISTRATE JUDGE
*Printed name and title*

## PROBABLE CAUSE STATEMENT

1.      I, Lynne Mundy, am a Special Agent of the Federal Bureau of Investigation (FBI),
United States Department of Justice and conduct investigations of violations of Federal Criminal
Law. I am assigned to the FBI's El Paso, Texas Field Office, Violent Crimes Squad.  During this
time, I have investigated violations of numerous federal criminal statutes, including extortions
made via instruments of interstate and foreign commerce.

2.      The information contained herein is based on my personal knowledge and
observations made during the course of this investigation, information conveyed by other law
enforcement personnel from, interviews and investigative activity, and the review of records and
documents obtained during this investigation.

3.      On May 13, 2018, B. P., who primarily resides in El Paso, Texas, received a text
message from James Alger (who Agents identified later through the course of the investigation),
claiming to be "E. C."  Alger, under the guise of "E.C." told B.P. about an opportunity to make a
lot of money quickly.  This opportunity involved "T", the billionaire owner of a professional
sports team, who – according to "E.C." – was interested in having sex with women in exchange
for hundreds of thousands of dollars.  Via text message, "E.C." told B.P. that "E.C." had flown to
Houston with a girlfriend and had sexual intercourse with "T" in exchange for $250,000.  "E.C."
told B.P. that she needed another female to go with "E.C." to have sex with "T", and that they
would be paid $250,000 each to have sex with "T".  "E.C." then asked B.P. if this was something
that she would be interested in doing.  When B.P. answered in the affirmative, "E.C." explained
that "T" would expect B.P. to send nude pictures of herself and to engage in frequent and regular
text conversations with "T" prior to agreeing to have sex-for-money with B.P.  "E.C." also told

B.P. that "T" would pay in cash and that "E.C." had already sent "T" multiple nude images of herself. "E.C." lastly told B.P. that she would pass B.P.'s phone number to "T".

4.      Alger, operating under the guise of "T", text messaged B.P. and told B.P. that in order for him to pay B.P. to have sex with him, B.P. needed to send him explicit videos and pictures of B.P. Over the course of a few weeks, B.P. sent Alger multiple explicit pictures and videos of B.P.

5.      Alger later text messaged B.P. via a different number and told B.P. that he had the explicit pictures and videos of B.P. that B.P. had sent "T". Alger told B.P. that if B.P. did not have sex with him, then Alger would release the explicit pictures and videos of B.P. at B.P.'s university. When B.P. refused, Alger told B.P. that he would release the explicit pictures and videos of B.P. if B.P. did not send him more explicit videos and pictures.

6.      On September 5, 2018, FBI Special Agents executed a search warrant signed by United States Magistrate Judge Toliver of the Northern District of Texas at a residence located in Waxahachie, Texas, in the Northern District of Texas. Following the execution of the search warrant, FBI Special Agents conducted a non-custodial, recorded, interview of James Alger at the same location. Agents read Alger his Miranda Warnings. Alger waived his rights and agreed to continue speaking to Agents.

7.      Alger stated the following: For approximately 2-3 years, Alger has been messaging various women that he finds through social media in attempts to obtain explicit videos and pictures of them. Over the course of this time, Alger believes he has messaged over 1,000 women. Alger believes he has received explicit pictures and videos from over 100 women.

8.      Alger stated he uses Textnow and Textfree (an application created by Pinger Inc.) to mask his number when he text messages women to obtain explicit pictures and videos of

them. Alger stated he often assumes the identity of a wealthy, famous person to convince the women he will pay them a large amount of money to have sex with them.

9.      Alger stated he assumed the identity of E.C. after deciding that he wanted to obtain explicit pictures from B.P. Alger stated he also pretended to be "T" as a part of his ploy to obtain explicit videos and pictures from B.P. Alger stated he received explicit videos and pictures from B.P. via B.P.'s Google Drive account and via text messages. Alger stated he told B.P. that he would release the explicit videos and pictures of B.P. at B.P.'s university unless B.P. agreed to have sex with him. Alger then told B.P. he would release the explicit pictures and videos of B.P. if B.P. did not send Alger more explicit pictures and videos.

10.     Pinger Inc. servers are located in Santa Fe, California. Any text messages sent through a Pinger, Inc. application travel through the servers located in Santa Fe, California prior to reaching the recipient of the message. FBI Agents determined Alger utilized Pinger Inc. applications to send and receive the text messages to extort Alger.

11.     Following the interview, FBI Agents placed Alger under arrest for violation of Title 18, USC 875 (d).

12.     Based on the facts set forth in this affidavit, there is probable cause to believe that James Alger has committed violations of Title 18, United States Code (U.S.C.), Section 875 (d) - Extortion – by utilizing interstate communication to send threats to injure the reputation of another with the intention to extort something of value from that person.

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| USA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 3:18–mj–00608–BK |
| | ) | |
| James Alger | ) | |
| Defendant. | ) | |

### <u>ORDER APPOINTING FEDERAL PUBLIC DEFENDER</u>

Based on the defendant's sworn Financial Affidavit and representations in open court, the

Court finds that the defendant is financially unable to obtain counsel. Pursuant to 18 USC § 3006A,

the Federal Public Defender for the Northern District of Texas is appointed as counsel of record for

the defendant for all proceedings, including any appeal.

SO ORDERED ON 9/6/2018.

Renee Harris Toliver
Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| USA | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 3:18−mj−00608−BK |
| | ) | |
| James Alger | ) | |
|     Defendant. | ) | |

### ORDER OF TEMPORARY COMMITMENT

On this date the defendant made an initial appearance after having been arrested in this district for an offense against the laws of the United States.

The government moved for a hearing to determine whether any condition or combination of conditions will reasonably assure the defendant's appearances and the safety of any other person and the community (18 U.S.C. § 3142(f), as amended P.L. 98−473, 98 Stat. 1873).

Counsel for the government moved for a continuance of such hearing. IT IS, THEREFORE, ORDERED that the hearing is to be held on 9/11/2018 at 02:00 PM before Magistrate Judge Renee Harris Toliver, unless extended for good cause.*

IT IS FURTHER ORDERED that the defendant is committed to the custody of the United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, pending the above scheduled detention hearing.

A copy of this order shall be transmitted to counsel for the parties.

SIGNED 9/6/2018.

Renee Harris Toliver
Magistrate Judge

* A continuance on behalf of the government will be granted without a hearing only upon the written consent of the Defendant or his attorney. A continuance on behalf of the Defendant will be granted without a hearing upon the written request of the Defendant or his attorney. Continuances shall not exceed five work days from the original setting for the Detention Hearing.

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Beverly Kristyne Chapman-DOJ (beverly.chapman@usdoj.gov,
caseview.ecf@usdoj.gov, danielle.barbour@usdoj.gov, emily.shutt@usdoj.gov,
jo.stevens@usdoj.gov, judy.carone@usdoj.gov, melissa.childs@usdoj.gov,
venice.givens@usdoj.gov), Federal Public Defender (annette_hill@fd.org,
cristal_a_ramos@fd.org, jason_hawkins@fd.org, joel_page@fd.org, maricela_ramirez@fd.org,
mary_moore@fd.org, monaleeza_montalvo@fd.org), Magistrate Judge Renee Harris Toliver
(eduardo_mendoza@txnd.uscourts.gov, jane_amerson@txnd.uscourts.gov,
judge_toliver_ecfdocs@txnd.uscourts.gov, lina_figari@txnd.uscourts.gov)
--Non Case Participants: Probation Office (txnp_edocs-pro@txnp.uscourts.gov)
--No Notice Sent:

Message-Id:10999195@txnd.uscourts.gov
Subject:Activity in Case 3:18-mj-00608-BK USA v. Alger Detention Hearing
Content-Type: text/html
```

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: <u>Judges' Copy Requirements.</u> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. <u>Forms and Instructions</u> found at <u>www.txnd.uscourts.gov</u>. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

## U.S. District Court

## Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 9/12/2018 at 8:57 AM CDT and filed on 9/12/2018

| | |
|---|---|
| **Case Name:** | USA v. Alger |
| **Case Number:** | <u>3:18-mj-00608-BK</u> |
| **Filer:** | |
| **Document Number:** | 6(No document attached) |

**Docket Text:**
 **ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Detention Hearing as to James Alger held on 9/11/2018. Defendant waived identity and preliminary hearings. Court found probable cause. Court denied Government Motion to Detain and defendant advised of conditions of release. Location interval set to: LR. Attorney Appearances: AUSA – Danielle Jones; Defense – Courtney Stamper. (Court Reporter: Digital File) (No exhibits) Time in Court – 1:25. (Interpreter N/A.) (mcrd)**

**3:18-mj-00608-BK-1 Notice has been electronically mailed to:**

Federal Public Defender    jason_hawkins@fd.org, annette_hill@fd.org, cristal_a_ramos@fd.org, joel_page@fd.org, maricela_ramirez@fd.org, mary_moore@fd.org, monaleeza_montalvo@fd.org

Beverly Kristyne Chapman–DOJ    beverly.chapman@usdoj.gov, CaseView.ECF@usdoj.gov, danielle.barbour@usdoj.gov, emily.shutt@usdoj.gov, jo.stevens@usdoj.gov, judy.carone@usdoj.gov,

melissa.childs@usdoj.gov, venice.givens@usdoj.gov

**3:18–mj–00608–BK–1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:18-mj-00608-BK |
| | § | |
| v. | § | |
| | § | |
| JAMES  ALGER (1) | § | Charging District's Case No. EP18-M-06569-LS |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the Western District of Texas, El Paso Divsion USA vs. James Alger.

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒     an identity hearing and production of the warrant.

☒     a preliminary hearing.

☐     a detention hearing.

☐     an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 1 1 2018

CLERK, U.S. DISTRICT COURT
By _____
Deputy

Date: 11ᵗʰ day of September, 2018

_____
Defendant's Signature

_____
Signature of defendant's attorney

Courtney G. Stamper
Printed name of defendant's attorney

15

Case 3:18-mj-00608-BK    Document 8    Filed 09/11/18    Page 1 of 5    PageID 12
AO 199A (Rev. 12/11)  Order Setting Conditions of Release

Case 3:18-mj-00608-BK    Document 10    Filed 09/11/18    Page 16 of 22    PageID 34    Pages

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| **JAMES ALGER** | ) | Case No.   3:18-MJ-608 BK |
| | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear:       before Magistrate Judge Leon Schydlower

*Place*

525 Magoffin Avenue, Suite 551, El Paso, Texas 79901

on       *9/25/2018* 9:30 am

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)    The defendant must sign an Appearance Bond, if ordered.



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

SEP 1 1 2018

CLERK, U.S. DISTRICT COURT
By _____
*Deputy*

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   ) (6)   The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____   Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____

Custodian                                    Date

( **X** ) (7)   The defendant must:

( **X** ) (a)   submit to supervision by and report for supervision to the   Pretrial Services Officer _____ ,

telephone number   **(214) 753-2500** , no later than   09/11/2018 _____ .

( **X** ) (b)   continue or actively seek employment.

(   ) (c)   continue or start an education program.

( **X** ) (d)   surrender any passport to:   Clerk of Court, Northern District of Texas by noon on 9/12/2018

( **X** ) (e)   not obtain a passport or other international travel document.

( **X** ) (f)   abide by the following restrictions on personal association, residence, or travel:   Travel is restricted to the State of   Texas unless prior permission is given by a pretrial services officer.

( **X** ) (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   _____

( **X** ) (h)   get medical or psychiatric treatment:   as directed by the Pretrial Services Officer, *specifically mental health evaluation and treatment .*

(   ) (i)   return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(   ) (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( **X** ) (k)   not possess a firearm, destructive device, or other weapon.

( **X** ) (l)   not use alcohol (   ) at all ( **X** ) excessively.

( **X** ) (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( **X** ) (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(   ) (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(   ) (p)   participate in one of the following location restriction programs and comply with its requirements as directed.

(   ) (i)   **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as directed by the pretrial services office or supervising officer; or

(   ) (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

(   ) (iii)   **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

(   ) (q)   submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

(   ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( **X** ) (r)   report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(   ) (s)   _____

# ATTACHMENT 1 TO
# ORDER SETTING CONDITIONS OF RELEASE

(√)    (t) The defendant shall not have any internet or phone contact with any female with whom he is not related or does not work.  That includes contact via social networking sites, i.e. Facebook, Instagram, Snapchat and such.

(√)    (u) The defendant shall neither possess nor have under his control any pornographic, sexually oriented or sexually stimulating materials, including visual, auditory, telephonic or electronic media, computer programs or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

(√)    (v) The defendant shall not have access to any computer *in home* .

(√)    (w) The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40.00 per month.  As part of the Computer and Internet Monitoring Program,

> (i) The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer(s). The monitoring may include the installation of hardware and/or software systems that allow for the evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be removed at any time during the term of supervision at the discretion of the probation officer.

> (ii) The defendant shall submit to periodic unannounced examination of his computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence in a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such systems for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

(iii) The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

(iv) The defendant shall not use any software program or device designed to hide, alter or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

(v) The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox,PlayStation, Nintendo) or devices without prior permission from the probation officer.

(vi) The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

(vii) the defendant shall not access any service or use any software that allows for the direct peer-to-peer contact that may include chat rooms, file sharing or other similar activity, without permission from the probation officer.

(vii) The defendant shall no use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular/digital telephones.

(ix) The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

(x) The defendant shall be required to log onto his authorized computer using an assigned user name (true name) and biometric user authentication.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

    Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

    While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

    It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

    If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

    (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

    (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

    (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

    (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

    A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

    I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Dallas, TX
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____9/11/2018_____

_____
*Judicial Officer's Signature*

Renée Harris Toliver, U.S. Magistrate Judge
_____
*Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

*U.S. DIST[...]*
*NORTHERN [...] TEXAS*
**FILED**

SEP 1 0 2018

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:18-mj-00608-BK |
| | § | Other Dist. Docket No. EP18-M-06569-LS |
| | § | Charge Pending: Extortion |
| | § | Western District of Texas |
| JAMES ALGER (1) | § | El Paso Division |

### REPORT OF PROCEEDINGS UNDER RULES 5(c)(3) and 5.1
### AND ORDER ENTERED THEREON

The defendant is charged in the above-referenced district with the offense of 18 **USC 875 - Extortion**. Having been arrested in this district on a warrant issued on that charge, he appeared before me for proceedings as follows:

**Rule 5(c)(3)    Transfer**

- ☐ Defendant waived the requirement that a copy of the warrant be produced.
- ☑ The government has produced a copy of the warrant, and
- ☑ The Court finds that the person before the Court is the defendant named in the indictment, information or warrant because:
    - ☑ The defendant waived identity hearing.
    - ☐ An identity hearing was conducted, and the defendant's identity was established.
- ☐ The Court finds, based on the evidence presented during an identity hearing, that the person before the Court is **NOT** the defendant named in the indictment, information or warrant.

**Rule 5.1:        Preliminary Hearing**

- ☐ No preliminary hearing is necessary because the defendant is charged by indictment.
- ☑ The defendant waived a preliminary hearing.
- ☐ The defendant elected to have a preliminary hearing in the district where the prosecution is pending.
- ☐ The defendant elected to have a preliminary hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
    - ☐ There is probable cause to believe that the defendant committed the offense(s) charged.
    - ☐ There is **NOT** probable cause to believe that the defendant committed the offense(s) charged.

**Rule 5(d)(3)    Detention Hearing**

- ☐ No detention hearing is necessary because the government did not move to detain the defendant.
- ☐ The defendant waived a detention hearing.
- ☐ The defendant elected to have a detention hearing in the district where the prosecution is pending.
- ☑ The defendant elected to have a detention hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
    - ☐ The defendant should be detained.
    - ☑ The defendant should be released on bond (*personal recognizance*).

### ORDER ENTERED ON THE FOREGOING REPORT

21

TO:  UNITED STATES MARSHAL

☐   You are commanded to transfer the above-named defendant forthwith to the district in which he is charged and there deliver him to the United States Marshal for that district or to some other officer authorized to receive him.

☑   It is ORDERED that this defendant be released from custody on bond pending further proceedings.

☐   It is ORDERED that this defendant be discharged.

DATE:  _9/11/2018_

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE