IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-18-CR-02803-DB |
| Plaintiff, | § § § | **SUPERCEDING INDICTMENT** |
| v. | § § | CT 1: 18 U.S.C. § 1343 – Wire Fraud |
| JAMES ALGER, | § § | CT 2: 18 U.S.C. § 1028A – Aggravated Identity Theft |
| Defendant. | § § § | CT 3: 18 U.S.C. § 2261A(2)(B) – Cyberstalking |
| | § § § | CT 4: 18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort |
| | § § | **NOTICE OF FORFEITURE** |

THE GRAND JURY CHARGES:

## INTRODUCTION

AT ALL TIMES RELEVANT TO THIS INDICTMENT:

1. **JAMES ALGER** ("**ALGER**") assumed a succession of identities to initiate contact with potential victims via internet-based online text messaging applications for the purpose of obtaining from them pornographic images and videos. The identities that **ALGER** assumed belonged alternately to casual acquaintances of his potential victims and later, after having gained the trust of the various victims, to the identities of several well-known Texas-based billionaire entrepreneurs and owners of professional sports franchises.

2. Using these assumed identities, **ALGER** induced the victims to provide him with pornographic images and movies of themselves by making false and fraudulent representations and promises of future payment of hundreds of thousands of dollars for engaging in sexual activity.

3.  In at least one instance, after obtaining these images, **ALGER** re-initiated contact with a victim demanding that the victim engage with him in sexual intercourse and provide him with additional pornographic images and movies. When the victim did not comply, **ALGER** threatened to release to the victim's friends and associates images containing the victim's nude likeness already in **ALGER's** possession.

## COUNT ONE
## (18 U.S.C. § 1343 - Wire Fraud)

All paragraphs previously alleged in this indictment are re-alleged and incorporated as though fully set forth herein.

### The Scheme and Artifice to Defraud

Beginning on or about May 1, 2015, and continuing until on or about September 5, 2018, within the Western District of Texas, the Northern District of Texas, and elsewhere, the Defendant, **JAMES ALGER,** devised, and intended to devise, a scheme and artifice to defraud numerous victims to obtain property, that is their likenesses and produced images and videos, by means of false and fraudulent pretenses, representations, and promises, including but not limited to the representations and promises of future payment for engaging in sexual activity.

### Manner and Means

1.  It was part of the scheme and artifice to defraud that **ALGER** assumed various identities in an attempt to induce numerous female victims to engage in sexual and pornographic activity, record that activity via photograph and videotape, and send those photographs and videotapes to **ALGER.**

2.  It was further part of the scheme and artifice to defraud that **ALGER** made false and fraudulent pretenses, representations, and promises in an effort to obtain property, that is the property of the victim's likenesses and produced images and videos.

3. In furtherance of the scheme and artifice to defraud, **ALGER** induced his victims to engage in this conduct through the promise of prospective payment for such activity, the promise of prospective payment for sexual activity with third parties, and the threat of the public release of the victim's nude likenesses.

### Overt Acts

1. On or about May 13, 2018, **ALGER** initiated a conversation with Person #1 via text message. During the course of this conversation, **ALGER** assumed the identity of Person #1's acquaintance, Person #2. **ALGER**, posing as Person #2, offered Person #1 the opportunity to earn hundreds of thousands of dollars by engaging in sexual activity with Person #3, a Texas billionaire.

2. On or about May 13, 2018, **ALGER** sent Person #1 a text message posing as Person #3, the Texas billionaire. **ALGER**, posing as Person #3, offered Person #1 $300,000 USD in exchange for sexual intercourse.

3. In order to receive this money, **ALGER**, posing as Person #3, told Person #1 that she had to first provide Person #3 with her nude likeness and pornographic movies of herself.

4. On or about May 13, 2018, Person #1 transferred her nude likeness to **ALGER** via digital upload to an online cloud-based data storage medium.

5. On or about May 13, 2018, **ALGER** obtained, via digital download from an online cloud-based data storage medium, Person #1's nude likeness.

6. Between May 1, 2015, and September 5, 2018, **ALGER** used the same scheme and artifice to defraud described above against over one hundred victims. In each of these cases, **ALGER** would transmit electronic messages using internet-based online text messaging applications to falsely represent to the victims that he was alternately an acquaintance of theirs, or a well-known Texas-based billionaire interested in paying hundreds of thousands of dollars in exchange for

sexual intercourse. In exchange for the false and fraudulent pretenses, representations, and promises of future payment, **ALGER** obtained property from these victims in the form of their likenesses and produced images and videos. These transactions were accomplished via interstate wire transfer, all in violation of Title 18, United States Code, Section 1343.

## COUNT TWO
## (18 U.S.C. § 1028A(a)(1))

That beginning on or about May 1, 2015, and continuing until on or about September 5, 2018, within the Western District of Texas, the Northern District of Texas, and elsewhere, the Defendant,

**JAMES ALGER,**

did knowingly possess and use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, 18 U.S.C. 1343, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT THREE
## (18 U.S.C. § 2261A(2)(B))

That beginning on or about May 1, 2018, and continuing until on or about June 30, 2018, within the Western District of Texas, the Northern District of Texas, and elsewhere, the Defendant,

**JAMES ALGER,**

with the intent to injure, harass, and cause substantial emotional distress to a person, used facilities of interstate and foreign commerce, including the internet, to engage in a course of conduct that caused substantial emotional distress to a person and would be reasonably expected

to cause substantial emotional distress to that person, in violation of Title 18 U.S.C. § 2261A(2)(B).

## COUNT FOUR
## (18 U.S.C. § 875(d))

That beginning on or about May 1, 2018, and continuing until on or about June 30, 2018, within the Western District of Texas, the Northern District of Texas, and elsewhere, the Defendant,

**JAMES ALGER,**

knowingly and willfully did transmit a communication in interstate and foreign commerce, which communication contained a threat to injure the reputation of the addressee, in violation of Title 18 U.S.C. § 875(d).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Violation and Forfeiture Statues
[Title 18 U.S.C. §§ 1343, 875(d) and 1028A(a)(1) subject to forfeiture pursuant to Title 18 U.S.C. §§ 982(a)(2)(B), 1028(b)(5) and 981(a)(1)(C), **as made applicable to criminal forfeiture by Title 28 U.S.C. 2461(c)]**

As a result of the foregoing criminal violations set forth in Counts One, Two and Four, the United States of America gives notice to the Defendant **JAMES ALGER** of its intent to seek the forfeiture of the certain property upon conviction pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. §§ 982(a)(2)(B), 1028(b) and 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state:

**Title 18 U.S.C. § 981. Civil Forfeiture**
(a)(1) The following property is subject to forfeiture to the United States:
* * *
(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation ... of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

**Title 18 U.S.C. § 982. Criminal Forfeiture**
(a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
* * *
(B) section ... 1028 ... of this title,
shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

**Title 18 U.S.C. § 1028. Fraud and related activity in connection with identification documents, authentication features, and information**
* * *
(b) The punishment for an offense under subsection (a) of this section is–
* * *
(5) in the case of any offense under subsection (a), forfeiture to the United States of any personal property used or intended to be used to commit the offense . . .

This Notice of Demand for Forfeiture includes, but is not limited to, the property described below in Paragraph II.

## II.
### Money Judgment

**Money Judgment:** A sum of money that represent the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth in Count One, Two and Four for which Defendant JAMES ALGER is solely liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
Assistant United States Attorney